```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND      )
SOUTHWEST AREAS PENSION FUND,      )
et al.,                            )
                                   )
                Plaintiffs,        )
                                   )
    v.                             )    No.  08 C 6493
                                   )
CHRYSLER LLC, etc.,                )
                                   )
                Defendant.         )
```

MEMORANDUM

Chrysler LLC ("Chrysler") has filed its Answer to the Amended Complaint brought against it in this ERISA action. This memorandum is issued sua sponte to identify for Chrysler's counsel, with the expectation that they will avoid repetition of such errors in future pleadings, the problematic aspects of Chrysler's attempted use of the disclaimer provision of Fed. R. Civ. P. ("Rule") 8(b)(5).

Those disclaimers have been sought in a number of places: Answer ¶¶4, 5, 7, 11, 13 and 17. But in each instance:

    1. Instead of tracking Rule 8(b)(5) by disclaiming "information <u>or</u> knowledge sufficient to form a belief," the pleading speaks of "information <u>and</u> knowledge." That use of the conjunctive rather than disjunctive form would literally be satisfied by a showing of the absence of "knowledge" alone, even though the pleader does have enough information to form a belief (a substantially more demanding standard

for getting the benefit of a deemed denial).

    2. In any event, each of those paragraphs also follows the attempted disclaimer with the phrase "and therefore denies same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

Because counsel have advised that this action will almost certainly settle (Chrysler has already made payment of part of the claimed ERISA deficiency, and the parties have advised that they are in discussions as to the balance), this Court will not send Chrysler's counsel back to the drawing board to impose any added expense on them or their client. Accordingly this is being issued as a memorandum rather than a memorandum order.

_____
                              Milton I. Shadur
                              Senior United States District Judge

Date: January 5, 2009